IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS EBORKA,<br><br>             Plaintiff,<br><br>vs.<br><br>WAYNE STATE COLLEGE,<br><br>             Defendant. | 8:24CV53<br><br>MEMORANDUM AND ORDER |

Plaintiff Dennis Eborka ("Eborka") faxed a pleading titled "Notice of Removal of Pending State Court Action," which the Court accepted for filing and docketed as a Complaint, Filing No. 1, on February 12, 2024. Eborka subsequently filed an Amended Complaint, Filing No. 7, on February 26, 2024. The Court granted Eborka leave to proceed in forma pauperis on March 8, 2024. Filing No. 15. The Court now conducts an initial review of Eborka's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the Court will consider the Amended Complaint and Eborka's supplemental filing, Filing No. 14, as part of the Complaint. *See* NECivR 15.1(b).

I. SUMMARY OF COMPLAINT

Eborka's Complaint names Wayne State College ("WSC") as Defendant and purports to remove a state court action filed by Eborka on August 22, 2023, in the County Court of Wayne County, Nebraska, "styled Dennis Eborka v. Wayne state college, Case No. CL23-106." Filing No. 1 at 2. Eborka asserts removal is proper because he seeks to redress a deprivation of his rights under the Constitution and Federal laws pursuant to 42 U.S.C. § 1983. *Id.* A review of Nebraska state court

records, available to this Court on-line, shows that Eborka filed an action in small claims court that was removed by WSC to the County Court of Wayne County, Nebraska, in *Dennis Eborka v. Wayne State College*, Case No. CI23-106.[1] Eborka's state court complaint alleged WSC mistakenly recorded one of his grades and sought amendment of the grade as well as damages. On January 23, 2024, the Wayne County Court granted WSC's motion for judgment on the pleadings and dismissed Eborka's complaint.[2]

In his Amended Complaint, Eborka alleges WSC violated his "right to freedom of education when defendant neglected to award plaintiff a grade of C+ as clearly stated on the syllabus for %77.5 [sic]. . . . [and] neglected to convert plaintiff grade to grade stated in the requirement plaintiff rightfully satisfied." Filing No. 7 at 5. Eborka's supplement indicates WSC implemented a grade adjustment on October 6, 2021, which changed Eborka's "overall grade to a 77.5 which is a C according to the instructor," Filing No. 14 at 6, though the course syllabus indicates a 77.5 would be a C+, *Id*. at 2. As relief, Eborka seeks an order changing his grade to a C+ and damages for tuition and book expenses. Filing No. 7 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *Dennis Eborka v. Wayne State College*, Case No. CI23-106, County Court of Wayne County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

[2] See attached Motion for Judgment on the Pleadings dated Jan. 2, 2024, and Order dated Jan. 23, 2024, *Eborka v. Wayne State College*, Case No. CI23-106, County Court of Wayne County, Nebraska.

dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

3

### III. DISCUSSION

Liberally construed, Eborka alleges federal constitutional claims.[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint must be dismissed for failure to state a claim for relief under § 1983 and because the Court lacks jurisdiction over Eborka's claims.

**A. Removal Improper**

As an initial matter, to the extent Eborka seeks to remove his state court action to this Court, such purported removal is improper. Eborka is the plaintiff in the state action he seeks to remove, and removal is allowed only to defendants. Federal law authorizes the removal of some state court civil actions but only by a state court defendant or defendants. 28 U.S.C. § 1441(a)(1) (providing for removal of state court civil actions over which federal district courts have original jurisdiction "by the defendant or the defendants"); 28 U.S.C. § 1443 (providing for removal of certain civil rights actions "by the defendant"). "There is no federal law authorizing plaintiff to remove his state court action to federal court." *Fonder v. S. Dakota*, No. 1:21-CV-01023-CBK, 2021 WL 4710781, at *3 (D.S.D. Oct. 8, 2021). Moreover, Eborka filed his notice of removal more

---

[3] On April 22 and 27, 2024, Eborka filed two identical documents, Filing No. 23; Filing No. 24, which cite to and generally discuss the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. To the extent Eborka may be attempting to assert a claim under the FERPA, "there is no private cause of action under FERPA . . . ." *Rosenthal v. Webster Univ.*, 230 F.3d 1363, 2000 WL 1371117, at *1 (8th Cir. 2000) (table decision) (citing *Girardier v. Webster College*, 563 F.2d 1267, 1276–77 (8th Cir.1977)).

than 30 days after he filed his state court complaint contrary to the procedure for removal in 28 U.S.C. § 1446(b).

Because this action is not properly removed, the Court treats this action as an original civil rights action, in conformity with the Court's docketing of Eborka's pleading as a civil complaint.

## B. Sovereign Immunity

Eborka sues WSC for damages and injunctive relief. WSC is an agency of the State of Nebraska. *See Burke v. Bd. of Trustees of Nebraska State Colleges*, 924 N.W.2d 304, 310 (Neb. 2019) (governing body of Wayne State College "is an instrumentality of the State and is accountable to the State"). States or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment). Accordingly, Eborka has failed to state a claim for relief under § 1983 against WSC.

Even if Eborka could proceed on his claims against WSC, the *Rooker-Feldman* doctrine, discussed below, prevents the Court from granting Eborka the relief he seeks.

5

## C. *Rooker-Feldman* Doctrine

Eborka filed this action shortly after the Wayne County Court dismissed his complaint. Eborka essentially incorporates his state court proceedings into his Complaint and raises the same claims and seeks the same relief in this Court that he sought in the state courts. Specifically, he asks this Court to order WSC to change his grade to a C+ and award him damages. However, the Court is precluded from granting the relief Eborka seeks by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)).

6

Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Eborka clearly seeks this Court's review of his state court action and rejection of the state court's decision regarding his claims. The *Rooker-Feldman* doctrine prohibits the Court from doing so, and the Court will therefore dismiss this action for lack of subject matter jurisdiction.

### IV. OTHER PENDING MOTION

On May 7, 2024, Eborka filed a "Motion for Injunction Pursuant to Rule 65," in which he basically asserts that he is entitled to the injunctive relief he seeks as a matter of law because WSC has failed to dispute his allegations and evidence on record. Filing No. 25. However, WSC has not been served with summons in this matter and, thus, no response from WSC is yet required. Before this matter may proceed to service of process, the Court must review Eborka's in forma pauperis complaint and dismiss the complaint if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As the Court has now conducted this review and determined Eborka's pleadings fail to state a claim upon which relief may be granted, Eborka's Motion for Injunction, Filing No. 25, is denied as moot.

### V. CONCLUSION

Eborka's Complaint and the supplements thereto fail to state a 42 U.S.C. § 1983

7

claim upon which relief may be granted against the Defendant WSC, and the Court also lacks subject matter jurisdiction over Eborka's claims for relief under the *Rooker-Feldman* doctrine. Accordingly, this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2) without prejudice and without leave to amend as any amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

2. The Court will enter judgment by a separate document.

3. Eborka's pending motion, Filing No. 25, is denied as moot.

Dated this 9th day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

Filed in Wayne County Court
*** EFILED ***
Case Number: C27CI230000106
Transaction ID: 0020965520
Filing Date: 01/02/2024 01:39:41 PM CST

IN THE COUNTY COURT OF WAYNE COUNTY, NEBRASKA

DENNIS EBORKA
620 E. 2ND STREET
FLINT, MICHIGAN 48503
       Plaintiff,

v.

WAYNE STATE COLLEGE
1111 Main Street
Wayne, NE 68787

       Defendant.

Case No.: CI 23-106

**MOTION FOR JUDGMENT ON THE PLEADINGS and NOTICE OF HEARING**

       Defendant Wayne State College ("the College") pursuant to Neb. Ct. R. Pldg. § 6-1112(c) moves the Court for an order dismissing Plaintiff, Dennis Eborka's ("Plaintiff" or "Mr. Eborka") Complaint as a matter of law because it fails to state a claim upon which relief may be granted. In support of the Motion, the College asserts the following:

    1.    Mr. Eborka is a former student of Wayne State College.

    2.    On August 25, 2023 Mr. Eborka filed his Claim and Notice to the College in the County Court of Wayne County, Nebraska Small Claims Court.

    3.    In Mr. Eborka's Claim he alleged the following:

> Plaintiff states that defendant(s) owe(s) and should be ordered to pay to me the sum of $3,900 and costs of this action, or return the property valued at $3,900 and costs of this action because on 07/18/2021 at Wayne state college made a mistake in computing my grade. The syllabus Clearly stated that a grade of 77.5 is a C+ but the registrar made a mistake and Recorded a C instead of a C+. I asked this honorable court to order the To change my grade to a C+ or S grade according to the syllabus.

1

4. On August 31, 2023, pursuant to Neb. Rev. Stat. § 25-2805, the College timely transferred Mr. Eborka's Claim to this County Court of Wayne County, Nebraska.

5. On September 27, 2023, Pursuant to Neb. Ct. R. Plead. § 6-112(a)(1), the College served its Answer in response to Mr. Eborka's Claim in which it denied Mr. Eborka's allegations and raised the following defenses: (1) Mr. Eborka failed to state a claim or cause of action upon which relief can be granted; (2) Mr. Eborka failed to comply with the Nebraska State Tort Claims Act; (3) Mr. Eborka failed to comply with the Nebraska State Contract Claims Act; (4) Mr. Eborka failed to comply with the pleading requirements of Neb. Rev. Stat. § 25-21,206; (5) Mr. Eborka has failed to properly mitigate his damages, if any; and (6) The College reserves the right to raise any additional defenses which become known or of which the College becomes aware during the course of discovery or investigation.

6. By the instant motion, the College moves to dismiss Mr. Eborka's operative pleading.

7. "A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented." *Saylor v. State*, 995 N.W.2d 192, 199 (Neb. 2023). "A motion for judgment on the pleadings admits the truth of all well-pleaded facts in the opposing party's pleadings, together with all reasonable inferences to be drawn therefrom, and the moving party admits, for the purpose of the motion, the untruth of the movant's allegations insofar as they have been controverted." *Id.*

8. Accepting Mr. Eborka's allegations as true, the College is entitled to judgment as a matter of law and Mr. Eborka's Claim must be dismissed. Neb. Ct. R. Pldg. § 6-1112(c); *Saylor*, 995 N.W.2d at 199–200.

9. The College is an agency of the State of Nebraska for purposes of the Nebraska State Tort Claims Act. *See Burke v. Bd. of Trs. Of Neb. State Colls.*, 924 N.W.2d 304, 310 (Neb. 2019).

10. Pursuant to the State Tort Claims Act, "The State of Nebraska shall not be liable for the torts of its officers, agents, or employees, and no suit shall be maintained against the state, any state agency, or any employee of the state on any tort claim except to the extent . . . provided by the State Tort Claims Act." NEB. REV. STAT. § 81-8,209; *see, e.g., Davis v. State*, 902 N.W.2d 165 (2017).

11. The State Tort Claims Act sets forth certain procedural requirements a plaintiff must follow prior to filing a tort-based lawsuit against the College or any of its employees. *See, e.g.*, NEB. REV. STAT. §§ 81-8,212–8,213.

12. Specifically, before suit can be commenced under the State Tort Claims Act, a claimant must present the claim in writing to the Risk Manager for the State Claims Board within two (2) years after the claim accrued. NEB. REV. STAT. § 81-8,212. And "suit shall be permitted under the State Tort Claims Act unless the Risk Manager or State Claims Board has made final disposition of the claim . . . ." NEB. REV. STAT. § 81-8,213.

13. Mr. Eborka filed a claim against the College in the County Court of Wayne County, Nebraska, Small Claims Court without alleging anywhere in his Complaint that he complied with the pre-suit presentment and disposition requirements mandated by NEB. REV. STAT. §§ 81-8,212–8,213.

14. Both the presentment and disposition requirements contained in NEB. REV. STAT. §§ 81-8,212–8,213 were conditions precedent to Plaintiff filing his instant lawsuit and his failure to comply is fatal. *Saylor v. State*, 944 N.W.2d 726, 729 (2020).

15. There is no basis for a "reasonable expectation that discovery will reveal evidence" of Plaintiff's compliance with the necessary conditions precedent. *Doe v. Bd. of Regents of Univ. of Neb.*, 788 N.W.2d 264, 278 (Neb. 2010). The College is therefore entitled to judgment as a matter of law and dismissal of this action.

16. To the extent Mr. Eborka asserts a claim for breach of contract, Plaintiff failed to comply with the requirements of the State Contract Claims Act

3

(Neb. Rev. Stat. § 81-8,304) and with Neb. Rev. Stat. § 25-21,206. *See Burke*, 924 N.W.2d 304 at 313.

17. The State Contract Claims Act requires that "all contract claims shall be filed with the Risk Manager in the manner prescribed by the State Claims Board." Neb. Rev. Stat. § 81-8,304. "Contract claims shall be filed on forms provided by the Risk Manager, and each claimant shall include at least the following information: (1) a copy of the contract allegedly breached; (2) the manner in which the contract was allegedly breached; and (3) the damages incurred as a result of the alleged breach." *Id.*

18. Mr. Eborka failed to allege that he complied with the procedural requirements of the State Contract Claims Act. *Id.*

19. Mr. Eborka also failed to comply with the pleading requirements of Neb. Rev. Stat. § 25-21,206, which provides that the State may be sued in "any matter founded upon or growing out of a contract, express or implied, originally authorized or subsequently ratified by the Legislature, or founded upon any law of the state." Neb. Rev. Stat. § 25-21,206 contains specific requirements, one of which is that the complaint must comply with the pleading requirements in Neb. Rev. Stat. § 25-21,202.

20. Neb. Rev. Stat. § 25-21,202 lists five specific allegations that must be included in the complaint: (1) the facts out of which the claim originally arose; (2) the action of the Legislature, or of any department of the government thereon, if any such has been had; (3) what person or persons is the owner or are the owners thereof, or in anywise interested therein; (4) that no assignment or transfer of the same, or any part thereof, or interest therein, has been made, except as stated in the complaint; and (5) that the claimant is justly entitled to the amount claimed therein from the state after allowance of all just credits and setoffs.

21. Mr. Eborka's complaint does not contain the necessary factual allegations to satisfy Neb. Rev. Stat. § 25-21,202 because it merely alleges:

> Plaintiff states that defendant(s) owe(s) and should be
> ordered to pay to me the sum of $3,900 and costs of this

4

> action, or return the property valued at $3,900 and costs of this action because on 07/18/2021 at Wayne state college made a mistake in computing my grade. The syllabus Clearly stated that a grade of 77.5 is a C+ but the registrar made a mistake and Recorded a C instead of a C+. I asked this honorable court to order the To change my grade to a C+ or S grade according to the syllabus.

22. Accordingly, Mr. Eborka cannot rely on NEB. REV. STAT. § 25-21,206 to waive the State's sovereign immunity. *Burke*, 924 N.W.2d at 313–14.

23. In addition to a failure to allege compliance with the conditions precedent outlined above, Plaintiff also fails to provide Defendant with fair notice of the nature of the claim by failing to sufficiently allege "what the . . . claim is and the grounds upon which it rests." *Doe*, 788 N.W.2d at 276. Plaintiff has provided the Court with no basis to "draw a reasonable inference" based on the facts alleged that Defendant is liable for any type of actionable misconduct. *Id.*

24. Notably, prior to this current action, Mr. Eborka filed a Claim in the County Court of Dawes County, Nebraska, Small Claims Court on May 15, 2023 against Dr. Kimberly Cox ("Dr. Cox"), an Associate Professor of English in the Department of Justice Studies, Social Science, and English at Chadron State College (the "Chadron Action").

25. In the Chadron Action, Mr. Eborka alleged that Dr. Cox "neglect[ed] to award my legitimate grade of A based on evidence that she did not account or accurately grade the sentence pattern which was accurately identified and strictly in line with the rules and all part of the sentence was identified for those 5 consecutive sentences." *Dennis Eborka v. Kimberly Cox*, No. SC 23-12 (Cnty. Ct. Dawes Cnty. Neb., Small Claims May 15, 2023).

26. Dr. Cox timely transferred the claim to the County Court of Dawes County, Nebraska and moved to dismiss the Chadron Action based on the grounds that Mr. Eborka failed to allege compliance with the Nebraska State Tort Claims Act, the Nebraska State Contract Claims Act, and NEB. REV. STAT. § 25-

21,202. *Dennis Eborka v. Kimberly Cox*, No. CI 23-110 (Cnty. Ct. Dawes Cnty. Neb. June 20, 2023).

27. In the Chadron Action, the Court granted Dr. Cox's motion and dismissed Mr. Eborka's claims with prejudice. *Dennis Eborka v. Kimberly Cox*, Order Granting Motion to Dismiss, No. CI 23-110 (Cnty. Ct. Dawes Cnty. Neb. July 26, 2023).

28. Specifically, the Court in the Chadron Action specifically held that Mr. Eborka: (1) failed to state a claim under the Nebraska State Tort Claims Act; (2) failed to state a claim under the Nebraska State Contract Claims Act and Neb. Rev. Stat. § 25-21,206; and (3) claims of "educational malpractice" are not cognizable in Nebraska courts in either the "tort/negligence" or "breach of contract" form. *Dennis Eborka v. Kimberly Cox*, Order Granting Motion to Dismiss, No. CI 23-110 (Cnty. Ct. Dawes Cnty. Neb. July 26, 2023).

Based on the foregoing, the College respectfully requests the Court grant its Motion for Judgment on the Pleadings and enter an Order of Dismissal, dismissing Mr. Eborka's operative pleading with prejudice.

Dated this 2nd day of January, 2024.

                      WAYNE STATE COLLEGE, Defendant,

                      By: /s/ Sarah M. Huyck
                            George E. Martin III (NE# 21747)
                            Sarah M. Huyck (NE# 27046)
                      of   BAIRD HOLM LLP
                            1700 Farnam Street, Suite 1500
                            Omaha, NE 68102-2068
                            Phone: 402-344-0500
                            Email: gmartin@bairdholm.com
                                       shuyck@bairdholm.com

Last viewed May 8, 2024

## NOTICE OF HEARING

Defendant provides notice that the above and foregoing Motion will be called on for hearing before the Honorable Ross A. Stoffer in the County Court of Wayne County, Nebraska, 510 Pearl Street, Wayne, Nebraska, on Monday, January 22, 2024 at 1:30 P.M. (CST), or as soon thereafter as the matter may be heard.

/s/ Sarah M. Huyck

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of January, 2024, a true and correct copy of the above and foregoing document was sent by email to the following:

Dennis Eborka
620 E. 2nd Street
Flint, MI 48503
denniseborka@gmail.com

/s/ Sarah M. Huyck

6217620.1

## Certificate of Service

I hereby certify that on Tuesday, January 02, 2024 I provided a true and correct copy of the Motion to the following:

Wayne State College represented by Martin,George E. III, (Bar Number: 21747) service method: Electronic Service to gmartin@bairdholm.com

Wayne County Attorney represented by Amy K. Miller (Bar Number: 23254) service method: Electronic Service to attorney@waynecountyne.gov

Eborka,Dennis, represented by Pro Se Party (Bar Number: 2) service method: Email

Signature: /s/ HUYCK, SARAH M (Bar Number: 27046)



Filed in Wayne County Court
*** EFILED ***
Case Number: C27CI230000106
Transaction ID: 0021054768
Filing Date: 01/23/2024 04:13:24 PM CST

Last viewed May 8, 2024

# IN THE COUNTY COURT OF WAYNE COUNTY, NEBRASKA

DENNIS EBORKA,

    Plaintiff,

v.

WAYNE STATE COLLEGE,

    Defendant.

Case No. CI 23-106

**ORDER ON DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS**

    THIS MATTER came before the Court pursuant to the Defendant's, Wayne State College ("the College"), Motion for Judgment on the Pleadings. Upon review of the Motion, the Court finds that taken as true all well-pleaded facts in Mr. Eborka's Complaint, together with all reasonable inferences to be drawn therefrom, Mr. Eborka's Complaint fails to state a claim upon which relief may be granted and fails as a matter of law.

    **IT IS HEREBY ORDERED** that the College is entitled to judgment on the pleadings and Mr. Eborka's operative pleading is dismissed with prejudice at Plaintiff's cost. All pending Motions of the Plaintiff are also denied.

    DATED \_\_\_\_January 23\_\_\_\_, 2024.

BY THE COURT:

_____

*Prepared and Submitted by:*
Sarah M. Huyck (NE# 27046)
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
shuyck@bairdholm.com

1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on January 24, 2024  , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

George E Martin III
gmartin@bairdholm.com

Sarah M Huyck
shuyck@bairdholm.com

Dennis Eborka
denniseborka@gmail.com

Date:   January 24, 2024       BY THE COURT: _____
                                                      CLERK

Last viewed May 8, 2024